UNITED STATES  DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**COURTNEY LAMAR JEFFRIES**                          **CIVIL ACTION**

**VERSUS**                                                          **NO.  12-1063**

**ST. BERNARD PARISH SHERIFF'S**                  **SECTION  "N"(4)**
**DEPARTMENT, ET AL.**

<u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct a hearing, including

an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for

disposition pursuant to **Title 28 U.S.C. § 636(b)(1)(B) and (C), § 1915e(2), and § 1915A**, and as

applicable, **Title 42 U.S.C. § 1997e(c)(1) and (2)**.  On November 9, 2012, the Court conducted a

hearing pursuant to *Spears v. McCotter*, and its progeny, with the plaintiff and counsel for the

defendants, Salvador E. Gutierrez, Jr., participating by conference telephone call.  Upon review of

the entire record, the Court has determined that this matter can be disposed of without an evidentiary

hearing.

I.      <u>Factual Background</u>

        A.      **The Complaint**[1]

        The petitioner, Courtney Lamar Jeffries ("Jeffries"), is a thirty-six-year-old male,

incarcerated for drug possession with the intent distribute. When Jeffries filed this complaint *pro*

---

[1] *See.* R. Doc. 3.

*se* and *in forma pauperis*, pursuant to Title 42 U.S.C. § 1983, he was incarcerated in the St. Bernard Parish jail. Jeffries named the defendants, St. Bernard Parish Sheriff's Department ("SBSD"), Deputy Coleman ("Coleman"), Chief Deputy James Pohlmann ("Pohlmann"), Colonel Dave Mowers ("Mowers"), unidentified arresting officers and the St. Bernard Jail Medical Department, complaining about the use of excessive force by officers when they arrested him in February 2012.[2]

Based on the complaint and attachments thereto, on February 23, 2012, police arrived at the home of Jeffries' girlfriend after being called to the residence as a result of a verbal dispute. Jeffries states that he exited the home with his hands in the air. According to Jeffries, after being placed in handcuffs, officers began to beat and pepper spray him, "dragging him into a seizure" which caused them to have to transport him to the hospital for his injuries.[3] He alleges that once in jail, he was placed in isolation to hide his injuries and he has very little feeling on the left side of his body.

He provides a statement from his mother who states that she met with Chief Deputy Pohlman about her son's scars and the type of stick deputies generally use in that situation.[4] His mother's statement indicates that she saw Jeffries' scars after the incident. She specifically indicates that when he showed her his back while crying, she saw whelps on his back, arms, shoulders and he complained that his body was numb on the left side.[5]

His sister provided a short statement indicating that she too witnessed the bruises and markings on his body and he described that they had kicked him in the ear and head. After listening

---

[2] *See* R. Doc. 3, p. 2-3.

[3] *See* R. Doc. 3, p. 7, 10, 12.

[4] *See* R. Doc. 3, p. 7.

[5] *Id.*

to his description, his sister had to walk away from the window where she was allowed to visit her brother.

Jeffries alleges that he was placed in "lockdown" after being accused of refusing medications, where he was refused medical treatment.[6]  Jeffries further alleges that he is being punished for the officers' actions.[7]  Jeffries states that he wrote letters to the police chief and jail warden about the way he was treated.  He alleges that the jail nurse told him he "better not write any more letters."  Jeffries also states that he feels unsafe and has dreams about the police beating him.[8]

**B.     *Spears* Hearing**[9]

A *Spears* Hearing took place on  November 9, 2012, in which Jeffries testified that he was arrested on February 23, 2012, as a result of an argument he had with his girlfriend.  Jeffries testified that he was allegedly supposed to have resisted arrest from the police even though he got on his knees and was placed in handcuffs immediately when instructed to do so.  He was thereafter beaten and sprayed with pepper spray.

He testified that the police were called out to the house due to an argument he had with his girlfriend.  He testified that he was on parole from Michigan.  He testified that by the time the officer arrived at his girlfriend's house he was no longer there.  He stated that the police looked for him and eventually found him underneath another house, laying on gravel on his stomach.  He was instructed to stand up, which he testified that he allegedly did.  Then, Jeffries stated that he was sprayed with

---

[6] *See* R. Doc. 3, p. 10, 12.

[7] *Id.*

[8] *Id.*

[9] *See* R. Doc. 16.

pepper spray and beaten. He complained that a tooth was knocked out, and that he has scars as a result of his alleged beating.

Upon questioning Jeffries confirmed that while he was on parole from Michigan, he was in Louisiana without permission. Jeffries also testified that he awoke in University Hospital, and that he was not sure who was involved in the arrest. Upon questioning however, Jeffries testified that the officers were from St. Bernard Parish.

Jeffries confirmed that he listed Deputy Coleman as a defendant because he contacted Coleman's office since he has been incarcerated because he had filed a complaint with him and he wanted to show him his evidence that he had a black eye. He sued Deputy Coleman for failing to respond to his complaint.  Jeffries confirmed upon questioning that he was charged with resisting arrest, battery and home invasion.  He testified that all of the charges were dismissed.  However, counsel for the defendant disputed the accuracy of his statement.  He testified that he is not sure of the status of the charges against him in Louisiana.

Upon questioning, Jeffries acknowledged that he filed suit against the medical department for failing to treat him for the seizures that he was allegedly experiencing.  According to Jeffries, the medical department failed to treat him both for seizures and for shingles, which he was later diagnosed.

Jeffries testified that Lieutenant DeRoach was responsible for providing him with medical care as the EMS technician.  While she was supposed to provide him with medical care, she never referred him to a hospital for examination.  He testified that she never took his Dilantin level or took his blood pressure.

4

He also testified that he sued James Pohlmann ("Pohlmann") for not investigating his request about excessive force, but received no response from him.  Jeffries stated that Pohlmann wrote him a letter while he was in Michigan that his complaint had been received, and turned over to the Attorney General's Office.  Jeffries complains however, that he felt that the jail should not have referred his complaint to the Attorney General's Office, because the complaint was not responded to promptly,  which would have allowed the authorities to see his injuries.

Jeffries testified and acknowledged that he did not intend to sue Dave Mowers, the warden. He clarified that he intended to dismiss his claim against the warden.

Jeffries also testified that he could not get the police report, nor could he obtain the identity of the arresting officers.  He testified that he seeks compensation for his injuries, his mental state, reimbursement for him and his family for travel expenses they incurred to fly from Michigan to check on him.  He also testified that his sister was the one who prepared his complaint, because the jail would not permit his complaint be forwarded to the court.

Lastly, Jeffries testified that he sought to have a lie detector test taken to confirm that his testimony in this matter is truthful.

## II.    <u>Standard of Review for Frivolousness</u>

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous.  The Court has broad discretion in determining the frivolous nature of the complaint.  *See Cay v. Estelle*, 789 F.2d 318 (5th Cir. 1986), *modified on other grounds*, *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993).  However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether the plaintiff's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269-70 (5th Cir. 1992).

## III.   Analysis

### A.   St. Bernard Parish Sheriff's Department and the Medical Department

Jeffries names the St. Bernard Parish Sheriff's Department and the St. Bernard Parish Medical Department as defendants in this proceeding. However, neither the medical department nor the sheriff's department are persons within the meaning of Title 42 U.S.C. § 1983.

Title 42 U.S.C. § 1983 imposes liability on any "person" who violates someone's constitutional rights "under color of law." Title 42 U.S.C. § 1983; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). In accordance with Rule 17(b) of the Federal Rules of Civil Procedure, Louisiana law governs whether these defendants can be sued.[10] Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana

---

[10]Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." *See* Fed. R. Civ. P. 17(b).

Civil Code as "an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code Ann. art. 24.

Thus, under federal law, a county (or parish) prison facility is not a "person" within the meaning of Rule 17. *Cullen v. DuPage County*, No. 99C1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); *Whitley v. Westchester County Corr. Facility Admin.*, No. 97CIV0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). The Court finds no law – constitutional, statutory, or otherwise – that defines a parish jail or any unit or department therein to be a person with the capacity to sue or to be sued. A parish jail is, as this Court has previously described, "not an entity, but a building." *See Jones v. St. Tammany Parish Jail,* 4 F. Supp. 2d 606, 613 (E.D. La. 1998) (dismissing St. Tammany Parish Jail with prejudice); *Dale v. Bridges*, No. 96-3088, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (county jail is not a jural entity capable of being sued), *aff'd*, 154 F.3d 416, 1998 WL 526620 (5th Cir. July 21, 1998).

Thus, the Medical Department and Parish Jail are not proper defendants in this case. Accordingly, Jeffries claims against the Medical Department and the St. Bernard Parish Jail should be dismissed with prejudice as frivolous and for failure to state a claim for which relief be granted pursuant to § 1915(e), § 1915A, and § 1997e. *See Jones v. St. Tammany Parish Jail*, 4 F. Supp. 2d 606, 613 (E.D. La. 1998)(dismissing with prejudice the St. Tammany Parish Jail as an improper defendant).

### B.   Voluntary Dismissal of Colonel Mowers[11]

During the *Spears* Hearing, Jeffries was questioned about the claim he filed against Warden David Mowers ("Mowers"). He testified during the hearing that he did not intend to sue Mowers

---

[11] *See* R. Doc. 16.

and therefore desired to voluntarily dismiss his claim against him.  As such, the claim against Mowers should be dismissed with prejudice.

      C.    **Arresting Officers**

Jeffries also filed suit against defendants to whom he referred to as the "arresting officers." During the *Spears* Hearing inquiry was made regarding the identity of the arresting officers who allegedly used excessive force on Jeffries.  Jeffries testified that he did not know their identities. He also indicated that he had  difficulty getting a copy of the police report, which prevented him from obtaining the identity of the arresting officers.[12]

Plaintiff must link the actions of each defendant to the alleged constitutional deprivation he claims to have suffered, as liability, within the meaning of § 1983 is appropriate where a person is "personally responsible for the deprivation of a constitutional right." *Horton v. City of Chi.*, No. 10 C 03968, 2012 WL 379770, at *2 (N.D. Ill. Feb. 3, 2012) (dismissing unnamed officers because plaintiff did not discover and name them individually). Despite the difficulty he experienced regarding locating the identity of the arresting officers he has had ample time to conduct discovery and ascertain their identity, the court finds that his claims against the unidentified officers is improper and therefore should be dismissed with prejudice.

      D.    **Chief Deputy James Pohlmann and DeputyColeman**

Jeffries also sued Chief Deputy James Pohlmann ("Pohlmann") because he failed to timely investigate his complaint of excessive force.  Jeffries testified that he had written Pohlmann and lodged a complaint against the unidentified arresting officers. Jeffries alleges that although Pohlmann turned over his complaint to the Attorney General's Office, his decision to do so as well as his referral to the Attorney General was slow and should have been done sooner.

[12] *Id.*

Jeffries also sued Coleman.  During the *Spears* Hearing, Jeffries clarified that his allegations and suit against Coleman were based on Coleman's alleged failure to respond to Jeffries attempted contact during his incarceration in St. Bernard Parish Prison.  Jeffries alleges that he attempted to contact Coleman to show him evidence of his black eye, and to offer to have a lie detector test taken. As a result of Coleman's failure to respond to Jeffries request to investigate, Jeffries sued him.

Jeffries complaint against Coleman and Pohlmann is that they both violated his constitutional rights by failing to conduct a thorough investigation of the incidents of wrongdoing against him. However, prisoners do not have a due process right to a thorough investigation of grievances. *DeShaney v. Winnebego Soc. Servs.*, 489 U.S. 189, 196 (1989) (The Due Process Clause confers no right to governmental aid, even where that aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual); *Pine v. Seally,* No. 9:09–CV–1198, 2011 WL 856426, at *9 (N.D.N.Y. Feb. 4, 2011) ("the law is ... clear that inmates do not enjoy a constitutional right to an investigation of any kind by government officials"). Therefore, Plaintiff fails to state a claim in this regard. Accordingly, Plaintiff's claims against Coleman and Pohlmann should be dismissed with prejudice.

## IV.  <u>Recommendation</u>

It is therefore **RECOMMENDED** that Jeffries' Title 42 U.S.C. § 1983 claims against the defendants, St. Bernard Parish Sheriff's Department , Deputy Coleman, Chief Deputy James Pohlmann , Colonel Dave Mowers,  Arresting Officers, and the St. Bernard Jail Medical Department be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to Title 28 U.S.C. § 1915(e), § 1915A, and Title 42 U.S.C. § 1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[13]

New Orleans, Louisiana, this 22nd day of October, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[13]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.